**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ROBERT D. RIGGS, | No. 11-35208 |
| Plaintiff - Appellant, | D.C. No. 4:10-cv-00023-SEH |
| v. |  |
| MACDONALD, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. |  |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Montana state prisoner Robert D. Riggs appeals pro se from the district

court's judgment dismissing without prejudice his 42 U.S.C. § 1983 action for

failure to exhaust administrative remedies as required by the Prison Litigation

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291.

We review de novo the district court's dismissal for failure to exhaust. *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010). We affirm.

The district court properly dismissed the action because Riggs did not exhaust prison grievance procedures and failed to demonstrate that prison officials' failure to respond rendered exhaustion effectively unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Sapp*, 623 F.3d at 822 (exhaustion is not required where administrative remedies are "effectively unavailable"); Montana Department of Corrections Policy, Montana State Prison, Section 3.3.3.V.D.4 (effective May 1, 2005) (allowing inmates to proceed to the next administrative grievance level when prison staff fails to respond in a timely manner).

**AFFIRMED.**